UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANDREW PEAL MOORE, II,**

       **Plaintiff,**

v.                                      Case No: 6:23-cv-1163-PGB-DCI

**ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE
CORPORATION, CHRIS TIMS,
ASHLEY CARUANA and ANNE
CLAUDE ROY,**

       **Defendants.**

_____

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    Motion for Electronic Filing Access (Doc. 9)
>
> **FILED:**       July 26, 2023
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Before the Court is the pro se Plaintiff's request for full access to the Court's CM/ECF system so that Plaintiff can electronically file, serve, and receive notice. Doc. 9 (the Motion). While the Motion is due to be granted in part and denied in part, this Order, in combination with the Court's existing pro se litigant resources, should result in Plaintiff receiving the relief requested.

"Absent a Court order, a **pro se litigant** is not permitted to file documents on CM/ECF." United States District Court Middle District of Florida, Administrative Procedures for Electronic Filing, at B (5) (Dec. 1, 2022) (emphasis in original).[1] "While an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02-CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted).

Here, Plaintiff filed documents in a timely and appropriate manner. In the Motion, Plaintiff has not demonstrated any burden associated with filing conventionally or shown good cause or extenuating circumstances that would result in the Court allowing access to filing via CM/ECF at this stage of this case. Thus, as Plaintiff has failed to demonstrate that full access to filing via CM/ECF is warranted, the Motion is due to be denied without prejudice to the extent Plaintiff requests full CM/ECF access.

That said, the Court in its discretion may grant a pro se party permission to receive electronic notifications. Middle District of Florida, Administrative Procedures for Electronic Filing (Dec. 1, 2022). Plaintiff's request to receive notification via CM/ECF is well-taken and will be granted.

Further, the Court already permits litigants proceeding pro se to file electronically without the necessity of an order. Currently, the Court maintains a Web Portal for pro se litigants that allows electronic filing. The Web Portal is available at: https://www.flmd.uscourts.gov/electronic-document-submission-web-portal. If a pro se litigant uses the Web Portal, they need not serve

---

[1] The Court's Administrative Procedures for Electronic Filing can be found on the Court's website, www.flmd.uscourts.gov, under "Filing a Case" and then selecting "Administrative Procedures for Electronic Filing (PDF)."

their filing via U.S. Mail, as the electronic filing will result in service via the Court's CM/ECF system.

So, Plaintiff may receive notice via e-mail. And Plaintiff may file via the Web Portal. Thus, there is no need for Plaintiff, Defendants, or the Clerk to serve using United States Mail.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 9) is **GRANTED in part** as stated herein and **DENIED without prejudice** in all other respects.

Plaintiff is hereby authorized to receive electronic notification of filings. The Clerk is directed to add Plaintiff's email address, andrewmoore707@yahoo.com, to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on August 3, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties