UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANDREW PEAL MOORE, II,**

      Plaintiff,

v.                                        Case No: 6:23-cv-1163-PGB-DCI

**ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, CHRIS TIMS, ASHLEY CARUANA and ANNE CLAUDE ROY,**

      Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Defendant Adventist Health System Sunbelt Healthcare Corporation to Produce Documents and Things (Doc. 26)** |
| **FILED:** | **December 4, 2023** |
| **MOTION:** | **Plaintiff's Motion to Compel Defendant Adventist Health System Sunbelt Healthcare Corporation to Answer Interrogatories (Doc. 27)** |
| **FILED:** | **December 11, 2023** |
| **MOTION:** | **Plaintiff's Motion to Compel Defendant Chris Tims to Answer Interrogatories (Doc. 30)** |
| **FILED:** | **December 19, 2023** |
| **MOTION:** | **Plaintiff's Motion to Compel Defendant Anne Claude Roy to Answer Interrogatories (Doc. 33)** |
| **FILED:** | **December 19, 2023** |

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Defendant Ashley Caruana to Answer Interrogatories (Doc. 35)** |
| **FILED:** | **December 19, 2023** |
| **MOTION:** | **Plaintiff's Motion for Leave to File a Reply to Defendant AdventHealth's Response to His Motion to Compel it to Answer Interrogatories (Doc. 40)** |
| **FILED:** | **January 3, 2024** |

**THEREON** it is **ORDERED** that the Motions to Compel (Docs. 26, 27, 30, 33, 35) are **DENIED without prejudice** and the Motion for Leave to Reply (Doc. 40) is **DENIED**.

Andrew Peal Moore, II (Plaintiff) initiated this case against Adventist Health System Sunbelt Healthcare Corporation (AdventHealth), Chris Tims (Tims), Ashely Caruana (Caruana), and Anne Claude Roy (Roy) for discrimination and constructive discharge in violation of 42 U.S.C. § 1981(a); Age Discrimination/Willful Violation of the ADEA; conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; and negligence to prevent a conspiracy in violation of 42 U.S.C. § 1986. Doc. 1. Defendants filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11. On October 2, 2023, the undersigned recommended that the Motion to Dismiss be granted in part to the extent the Court dismiss the conspiracy to interfere with civil rights claim against Tims, Caruana, and Roy (Counts III) and the negligence to prevent conspiracy claim against Tims (Count IV). Doc. 20. The report and recommendation remains pending.

Plaintiff has since filed several Motions to Compel discovery responses and production. Docs. 26, 27, 30, 33, 35 (collectively "the Motions to Compel"). Defendants have filed Responses to the Motions to Compel (Docs. 29, 34, 36-38) and Plaintiff has filed a Reply to AdventHealth's Response to Plaintiff's Motion to Compel document production. Doc. 39 (the Reply).

The Motions to Compel are due to be denied because there was not a meaningful conferral conducted in good faith before Plaintiff filed the Motions.  Defendants argue, in part, that Plaintiff failed to comply with Local Rule 3.01(g) and Federal Rule of Civil Procedure 37(a), which require a good faith conference prior to filing the Motions to Compel.  Local Rule 3.01(g) requires a party submitting a motion to compel to include a statement in the motion that (1) certifies that the moving party conferred with the opposing counsel in a good faith effort to resolve the motion and (2) states whether counsel agree on the resolution of all or part of the motion.  The term "confer" in Rule 3.01(g) means a *substantive* discussion.  Middle District Discovery (2021) at I.A.2.

Rule 37 includes a similar conferral requirement: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.R.Civ.P. 37(a)(1).  "These rules prevent the involvement of the Court in matters that can be easily resolved by the parties."  *Nextgen Restoration, Inc. v. Octapharma Plasma, Inc.*, 2021 WL 8825279, at *1 (M.D. Fla. Nov. 11, 2021).[1]

While Plaintiff includes a 3.01(g) certification in the Motions to Compel, Defendants represent to the Court that the conference was not conducted in good faith.  Specifically, in all five Responses, Defendants report that during the conference, Defendants' counsel asked Plaintiff "numerous times" to identify the specific requests and responses or answers with which Plaintiff takes issue, but Plaintiff declined.  Docs. 29, 34, 36-38 at 3.  Plaintiff instead "indicated that the responses in general were evasive and problematic" and, therefore, Defendants complain that they were "unable to even attempt to address or even discuss any alleged deficiencies in [their]

---

[1] The Case Management Scheduling Order also requires the moving party to confer with the opposing party in a good faith effort to resolve the issues raised by the motion.  Doc. 19 at 5.

responses prior to the filing of [the Motions to Compel]." *Id*. Defendants' counsel also states that Plaintiff "said that it would take too long to go through all the problematic responses and Defendants will see in his Motion to Compel what answers that he thinks are insufficient." Docs. 34, 36-38 at 3. Notably, Plaintiff confirms in the Reply that his response during the conferral was for AdventHealth to "remove the evasive responses & objections, and simply produce the requested documents." Doc. 39 at 2.

Plaintiff's wait-and-see response is insufficient and Plaintiff's unwillingness to discuss the *substance* of his issues is especially problematic given the volume of the dispute. Plaintiff has filed five requests for the Court to compel Defendants to either produce documents or things and answer interrogatories; the Motions without exhibits span almost 75 pages. Plaintiff raises specific arguments with respect Defendants' general objections, instructions or definitions, and 10 numbered responses. Docs. 26, 27, 30, 33, 35. Plaintiff's assertion to Defendants' counsel that all the requests for production and interrogatories were "evasive and problematic" in no way allowed Defendants to discuss and address the specific dispute to narrow the issues prior to Court involvement.

And apparently, they would have been narrowed or resolved. For example, Defendants Tims, Caruana, and Roy all state that they are agreeable to amend their answers to Interrogatory Number 13 to clarify the responses and assert that "[h]ad a proper 3.01(g) conference occurred in this case this issue likely could have been resolved without Court intervention." Docs. 34, 36, 38. Interrogatory Number 13 is one of two significant topics in three of Plaintiff's Motions to Compel (Docs. 30, 33, 35) and, therefore, a proper conferral would have seemingly alleviated the need for intervention on at least half of the issues.

Also, it appears that AdventHealth is amenable to produce some of the requested documents or things subject to a HIPAA protective order. Doc. 29 at 5-7; *see also* Doc. 38 at 7 ("Once the HIPAA qualified protective order is entered, AdventHealth (rather than the individual defendants) could provide the name of the patient subject to the protections of the qualified order. Had this issue been raised by Moore in the 3.01(g) conference the issue likely could have been resolved."). Moreover, apparently at least some of the items Plaintiff requests do not exist. Doc. 29 at 5-6. The Court finds that a conferral conducted in compliance with the rules could have allowed the parties to address Defendants' HIPAA concerns and possibly yielded a resolution on a major dispute.

In sum, the Motions to Compel are due to be denied because a meaningful conferral did not take place. Rule 37, Local Rule 3.01(g), and the CMSO's conferral requirements are not a mere formality, and Plaintiff as the movant needed to confer with Defendants in a good faith effort to resolve the issues before filing. Plaintiff must engage in a conference with Defendants on the substance of the issues—even if they are vast—before seeking the Court's intervention.

Finally, Plaintiff has filed a Motion for Leave to Reply to AdventHealth's Response to the Motion to Compel to Answer Interrogatories. Doc. 40 (the Motion for Leave to Reply). Plaintiff requests leave to reply, in part, to "refute the false statements in Defendant AdventHealth's Response which, in essence, falsely accuses [Plaintiff] of violating the Federal Rules of Civil Procedure and this Court's Local Rule[.]" *Id*. at 1. In a footnote, Plaintiff states that the other Defendants also make the "same false accusations" and "to avoid redundancy, [Plaintiff] will not file a motion for leave to reply to their Responses." *Id*. at n.1. As such, Plaintiff's argument relates to the other Responses.

While Plaintiff does not expressly state that the "false statements" relate to Defendants' contentions regarding Rule 37 and Local Rule 3.01(g), it appears Plaintiff takes issue with Defendants' description of events surrounding the conferral. Upon due consideration, the Court finds that another reply is unnecessary. Assuming conferrals did not take place exactly how Defendants describe, it is clear from the Responses that a significant number of the issues could still be narrowed or resolved in the entirety if the parties engaged in continued conferral. Namely, it seems at least some of the disputed topics would be deemed moot since Defendants agree to amend the discovery responses. Further, it appears that a discussion relating to HIPAA would be fruitful and the parties should again discuss the non-existence of certain documents or things before Plaintiff seeks Court intervention. In other words, even if Plaintiff did not reject a good faith conference because a discussion on the substance would be "too long," it is clear from Defendants' representations that the discovery dispute is not ripe for the Court's review.[2]

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motions to Compel (Docs. 26, 27, 30, 33, 35) are **DENIED without prejudice**; and

2. Plaintiff's Motion for Leave to Reply (Doc. 40) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 4, 2024.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Also, if Plaintiff's request for leave to reply is based on something other than Defendants' statements regarding the conferral under Rule 37 and Local Rule 3.01(g), Plaintiff can raise that issue in a motion to compel *after* the parties engage in a good faith conferral to further narrow the dispute.