# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANDREW PEAL MOORE, II,**

      **Plaintiff,**

v.                                           **Case No: 6:23-cv-1163-PGB-DCI**

**ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, CHRIS TIMS, ASHLEY CARUANA and ANNE CLAUDE ROY,**

      **Defendants.**

_____/

## <u>ORDER</u>

This cause comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11 (the "**Motion**")) and Plaintiff's Response in Opposition (Doc. 13 (the "**Response**")). Magistrate Judge Daniel C. Irick issued a Report (Doc. 20 (the "**Report**")) recommending that this Court grant Defendants' Motion in part to the extent that the Court dismiss Counts III and IV of the Complaint (Doc. 1). Plaintiff timely objected (Doc. 21 (the "**Objection**")), Defendants responded to Plaintiff's Objection (Doc. 22), and Plaintiff replied to Defendants' response with leave of court (Docs. 24, 25 (the "**Reply**")). Upon consideration, the Court finds that the Report is due to be adopted and confirmed, and Defendants' Motion is due to be granted in part.

**I.       BACKGROUND**

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 20, pp. 1–6).

**II.      STANDARDS OF REVIEW**

**A.      Report and Recommendation**

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

**B.      Motion to Dismiss**

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III. DISCUSSION

In the Report, Magistrate Judge Irick recommended that the Court grant Defendants' Motion in part to the extent that the Court dismiss Counts III and IV of the Complaint. (Doc. 20, p. 14). Upon *de novo* review, and after considering the relevant pleadings (Docs. 11, 13, 21, 22, 25), the Court agrees with the findings and conclusions in the Report.

Overall, Plaintiff's Objection strings together nonsensical allegations, the majority of which are "[f]rivolous, conclusive, or general." (*See generally* Doc. 21); *Schultz*, 565 F.3d at 1361 (citation omitted). Moreover, in his Objection, Plaintiff

3

merely rehashes several of the same arguments from his Response, which Magistrate Judge Irick considered in the Report. (*See generally* Docs. 13, 20, 21). Accordingly, Plaintiff's Objection does not identify an adequate basis for this Court to overrule the Report. Nonetheless, the Court will address those objections that are relevant, specific, and decipherable below.

### A. Consent to Magistrate Judge

As stated in the Report, this Court referred Defendants' Motion, and Magistrate Judge Irick issued his recommendation to the undersigned to grant the Motion in part. (Doc. 20, pp. 2, 14). In both his Objection and Reply, Plaintiff argues that the "parties did not give their voluntary consent to proceed before a magistrate judge." (Doc. 21, pp. 2–3; Doc. 25, pp. 3–5). Specifically, Plaintiff relies on *Glover v. Ala. Bd. of Corrs.*, 660 F.2d 120 (5th Cir. 1981) to assert that the Report is "unconstitutional and violative of his rights." (Doc. 21, pp. 2–3).

In *Glover*, the court discussed a magistrate judge's authority under subsections (b) and (c) of the Magistrates Act, 28 U.S.C. § 636. *See Glover*, 660 F.2d 120 at 122. The court explained that a magistrate judge's decision pursuant to 28 U.S.C. § 636(b) is not a final judgment. *Id.* Contrastingly, under 28 U.S.C. § 636(c), a magistrate judge's decision is "final and appealable," and thus, the parties' consent is required. *Id.* at 124 ("Second, the emphasis on the consent requirement in Congressional debates on the amendment evinces a desire for a clear expression of consent by the parties before allowing a magistrate authority under subsection (c).").

4

Here, Plaintiff cites to the Case Management Report, where the parties did not consent to a magistrate judge's authority under 28 U.S.C. § 636(c), which enables magistrate judges to issue final judgments. (*See* Doc. 21, p. 2 (citing Case Management Report, Doc. 18, p. 2)). Further, the quoted *Glover* language that Plaintiff relies on pertains to parties' consent regarding a magistrate judge's decision under 28 U.S.C. § 636(c). (*See* Doc. 21, p. 3 (quoting *Glover*, 660 F.2d 120 at 124)). Yet, Magistrate Judge Irick issued a proposed finding of facts and recommendations pursuant to 28 U.S.C. § 636(b), which is not a final judgment. (*See generally* Doc. 20).[1] Consequently, *Glover* provides no basis to support Plaintiff's objections.

Thus, Plaintiff's objections regarding consent to a magistrate judge's report do not identify an adequate basis for this Court to overrule the Report.

B.   **Scope of Employment**

Magistrate Judge Irick found that Defendants' alleged decisions to reassign and reprimand Plaintiff were within the scope of their employment, and thus, the intracorporate conspiracy doctrine barred Plaintiff's conspiracy claim. (*See* Doc. 20, p. 10). In his Objection and Reply, Plaintiff argues that this finding is "arbitrary and contains prejudicial error of law and misrepresentation of fact and law." (Doc. 21, p. 3; *see* Doc. 25, p. 6). Specifically, Plaintiff argues that the Report contains

---

[1]   The Court further highlights that because Defendants' Motion was a motion to dismiss for failure to state a claim, 28 U.S.C. § 636(b)(1)(B) authorized this Court to "designate a magistrate to . . . submit to [the undersigned] proposed findings of fact and recommendations for the disposition" of the Motion.

5

"omissions of fact and law" related to the authority-based arguments in Plaintiff's Response. (Doc. 21, p. 4).

First, Magistrate Judge Irick thoroughly and correctly analyzed whether Defendants' acts–*as alleged*–were within the scope of their employment pursuant to the applicable case law. (*See* Doc. 20, pp. 9–10).[2] Second, although Plaintiff asserts that Magistrate Judge Irick omitted "most of the arguments cited in Plaintiff Moore's response to Defendants' motion to dismiss," Magistrate Judge Irick, in fact, addressed these arguments in the Report. (Doc. 21, p. 4; *see* Doc. 20, pp. 9–10).[3]

As such, Plaintiff's objections regarding the Report's conclusion on Defendants' scope of employment do not identify an adequate basis for this Court to overrule the Report.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

---

[2] In the Objection, Plaintiff belabors that he never *alleged* that the acts of Defendants were within their scope of employment. (*See* Doc. 21, pp. 3–4). The Court emphasizes that the Report analyzed the facts–*as alleged*–under the applicable case law and ultimately concluded that Defendants were acting within their scope of employment. (*See* Doc. 20, pp. 9–10).

[3] The Court highlights that the Report discussed the relevance and consideration of Plaintiff's Response. (*See* Doc. 20, pp. 9–10 (explaining how a plaintiff cannot amend their complaint through a response to a motion to dismiss)). Nonetheless, the Report still addressed Plaintiff's arguments from his Response that Defendants were acting "beyond their authority." (*See* Doc. 21, pp. 4–6 (quoting Doc. 13, pp. 8–10); Doc. 20, pp. 9–10 (applying the proper inquiry of "whether the employee . . . was performing a function that, but for the alleged constitutional infirmity, was within the ambit of the officer's scope of authority (i.e., job-related duties) and in furtherance of the employer's business." (quoting *Steffens v. Nocco*, No. 8:19-cv-01940, 2021 WL 1020967, at *4 (M.D. Fla. Mar. 17, 2021) (citation omitted)))).

1. Plaintiff's Objection (Doc. 21) to the Report is **OVERRULED**;

2. Magistrate Judge Irick's Report and Recommendation (Doc. 20), filed on October 2, 2023, is **ADOPTED** and **CONFIRMED** and made a part of this Order; and

3. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11) is **GRANTED IN PART** to the extent that Counts III and IV of the Complaint (Doc. 1) are **DISMISSED WITH PREJUDICE** and **DENIED** in all other respects, including the request for fees and costs pursuant to 42 U.S.C. § 1988.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties