# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREW PEAL MOORE, II,**

      **Plaintiff,**

v.                                                          Case No: 6:23-cv-1163-PGB-DCI

**ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, CHRIS TIMS, ASHLEY CARUANA and ANNE CLAUDE ROY,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Plaintiff's Motion to Strike Adventist Health System Sunbelt Healthcare Corporation's Answer and Affirmative Defenses (Doc. 56) |
| **FILED:** | May 1, 2024 |
| **MOTION:** | Plaintiff's Motion for Default Judgment as a Matter of Law Against Defendant Adventist Health System Sunbelt Healthcare Corporation (Doc. 57) |
| **FILED:** | May 6, 2024 |
| **MOTION:** | Plaintiff's Motion for Entry of Default as a Matter of Law Against Defendant Adventist Health System Sunbelt Healthcare Corporation (Doc. 58) |
| **FILED:** | May 6, 2024 |

**THEREON** it is **ORDERED** that the motions are **DENIED without prejudice**.

On January 23, 2024, the Court adopted the undersigned's recommendation that Defendants' motion to dismiss be granted in part to the extent that the Court dismiss Counts III and IV of the Complaint. Doc. 47. On April 25, 2024, Defendant Adventist Health System Sunbelt Healthcare Corporation (Defendant Adventist) filed an Answer as to Counts I, II, and V and Affirmative Defenses. Doc. 53.

Pending before the Court are Plaintiff's Motion to Strike Defendant Adventist's Answer and Affirmative Defenses as untimely and insufficient (Doc. 56, the Motion to Strike) and Motions for Default Judgment Against Defendant Adventist (Docs. 57, 58, the Motions for Default).[1] Plaintiff claims that Defendant Adventist was required to file an answer within 21 days after it was originally served with the summons and complaint. Plaintiff argues that Defendant Adventist "has been technically in default for more than 260 days." Doc. 57 at 2; *See also* Docs. 58 at 2; 56 at 3.

Upon due consideration, the Motion to Strike and Motions for Default are due to be denied for failure to comply with the Local Rules of this Court and the Case Management Scheduling Order (CMSO). Local Rule 3.01(g) requires that "[b]efore filing a motion in a civil action, . . . the movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(1). The rule also provides the following with respect to certification:

> At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
> > (A) must certify that the movant has conferred with the opposing party,
> >
> > (B) must state whether the parties agree on the resolution of all or part of the motion, and
> >
> > (C) if the motion is opposed, must explain the means by which the conference occurred.

---

[1] It appears Docs. 57 and 58 are the same except Plaintiff deleted a footnote in Doc. 58. Plaintiff did not have leave of Court to amend the filing.

Local Rule 3.01(g)(2).

In the CMSO, the Court reiterates that "[b]efore filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g); Fed. R. Civ. P. 26(c)." Doc. 19 at 5 (emphasis in the original).

Here, Plaintiff does not mention in the Motion to Strike or the Motions for Default the parties' conferral nor does he provide certifications in compliance with Local Rule 3.01(g)(2). The Court notes that this is not a default situation where Plaintiff is unable to confer with Defendant Adventist because Defendant Adventist cannot be located. The parties have conferred on other issues (*see e.g.*, Doc. 54), yet Plaintiff has failed to certify conferral with respect to the pending Motions.

According, it is **ORDERED** that Plaintiff's Motion to Strike and Motions for Default Judgment (Docs. 56, 57, 58) are **DENIED without prejudice** for failure to comply with Local Rule 3.01(g) and the CMSO.

**DONE AND ORDERED** in Orlando, Florida on May 13, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties