## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANDREW PEAL MOORE, II,**

       **Plaintiff,**

**v.**                                         **Case No: 6:23-cv-1163-PGB-DCI**

**ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE
CORPORATION, CHRIS TIMS,
ASHLEY CARUANA and ANNE
CLAUDE ROY,**

       **Defendants.**

_____

## ORDER

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Revised Motion for Default Judgment as a Matter of Law Against Defendant Adventist Health System Sunbelt Healthcare Corporation (Doc. 62)** |
| **FILED:** | **May 20, 2024** |
| **MOTION:** | **Plaintiff's Revised Motion for Entry of Default As a Matter of Law Against Defendant Adventist Health System Sunbelt Healthcare Corporation (Doc. 63)** |
| **FILED:** | **May 20, 2024** |
| **MOTION:** | **Plaintiff's Revised Motion to Strike Defendant Adventist Health System Sunbelt Healthcare Corporations' Untimely Answer & Affirmative Defenses (Doc. 64)** |
| **FILED:** | **May 20, 2024** |

**THEREON** it is **ORDERED** that the motions are **DENIED**.

On January 23, 2024, the Court adopted the undersigned's recommendation that Defendants' motion to dismiss be granted in part to the extent that the Court dismiss Counts III and IV of the Complaint. Doc. 47. On April 26, 2024, Defendant Adventist Health System Sunbelt Healthcare Corporation (Defendant Adventist) filed an Answer and Affirmative Defenses as to Counts I, II, and IV. Doc. 53.

Pending before the Court is Plaintiff's Motion for Entry of Default and Motion for Default Judgment Against Defendant Adventist (Docs. 62, 63, collectively "the Motions for Default") and Motion to Strike Defendant Adventist's Answer and Affirmative Defenses (Doc. 64, "the Motion to Strike").[1]

In the Motions, Plaintiff claims that Defendant Adventist was required to file an answer within 21 days after it was originally served with the summons and complaint. Plaintiff argues that Defendant Adventist "has been technically in default for more than 260 days." Docs. 63-64 at 2. Defendant Adventist has responded and agrees that the Answer is late but not as untimely as Plaintiff asserts. Doc. 65. Specifically, Defendant Adventist claims an answer was due on or before February 13, 2024—fourteen days after the Court adopted the report and recommendation regarding the motion to dismiss. *Id*. at 9. Due to the admittedly late filing, Plaintiff requests a Clerk's entry of default, default judgment, and for the Court to strike the pleading. Docs. 62-64. Plaintiff also raises a challenge based on the substance of the affirmative defenses. Doc. 64 at 4-7.

Before reaching the substantive challenge, the Court will first address Plaintiff's timeliness argument because it relates to the request for default. As an initial matter, Plaintiff's calculation

---

[1] The Court denied without prejudice Plaintiff's initial request for default and to strike the answer and affirmative defenses because Plaintiff did not comply with Local Rule 3.01(g).

on the due date does not take into account that Defendant Adventist previously filed a Motion to Dismiss for the Court's consideration.  As such, Defendant Adventist's answer to the remaining counts was due 14 days after the Court ruled on the Motion to Dismiss.  *See* Fed.R.Civ.P. 12(a)(4). In any event, Defendant Adventist's Answer and Affirmative Defenses is late.

"District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."  *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted).  Striking a pleading, however, is a "drastic remedy, which is disfavored by the courts."  *Hansen v. ABC Liquors, Inc.*, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009).  Pursuant to Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The court generally does not exercise its discretion to strike under Rule 12(f) "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Also, there is a strong policy in this Circuit favoring resolution of cases on the merits and viewing defaults with disfavor.  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citations omitted).  "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Anderson v. Florida*, 2022 WL 16950241, at *2 (M.D. Fla. Nov. 15, 2022) (quoting *Kilbride v. Vrondran*, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007)).

Here, Defendant Adventist cites to excusable neglect based on inadvertent "unintentional calendaring error" and requests that the Court accept the late pleading and deem the time for filing

to be extended pursuant to Federal Rule of Civil Procedure 6(b).  Doc. 65 at 11, 12, 15, 18.  So it is undisputed that Defendant Adventist failed to meet its deadline and did not seek leave of Court to cure the deficiency.  Even so, the parties have been actively litigating this case and have even engaged in discovery.  *See* Docs. 19, 54.  This is not a situation where Defendant Adventist has failed to appear, and the Court finds that striking the pleading and entering a default because of a two-month delay is unwarranted.[2]  *See Hall v. Ins. Corp. of British Columbia*, 2022 WL 17067375, at *1 (M.D. Fla. Nov. 17, 2022) (denying the plaintiff's motion to strike an answer and for default because, even though the answer was untimely, the parties were actively litigating the case, other deadlines in the case were already extended, and there is a strong public policy in resolving cases on the merits).

With respect to Defendant Adventist's request under Rule 6, courts have discretion to extend time limits "on motion after the time has expired if the party failed to act because of excusable neglect."  Fed.R.Civ.P. 6(b)(1)(B).  In determining whether to grant a motion to extend deadlines under Rule 6(b)(1)(B), courts must consider: the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).  Excusable neglect encompasses "inadvertence,

---

[2] Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) is also due to be denied as premature because the Clerk has not yet entered default.  *See Persaud v. Md. Audio Eng'g Inc.*, 2023 WL 5916603, at *1 (M.D. Fla. Aug. 10, 2023) ("[T]o the extent that Plaintiff seeks 'judgment' by default, a request for default judgment is premature as Plaintiff has not obtained a Clerk's judgment against Defendant.") (citing *AWGI, LLC v. Team Smart Move, LLC*, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted by*, 2012 WL 122904225 (M.D. Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment.").

mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* at 388. Lack of prejudice and efficient judicial administration are "accorded primary importance." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer*, 507 S.Ct. 1499).

Here, the Court is persuaded that Defendant Adventist's failure to answer the Complaint in a timely manner was due to Defendant's excusable neglect. Defendant Adventist inadvertently missed the deadline but did not do so in bad faith. Importantly, the delay did not unduly prejudice Plaintiff or stall the proceedings. *See Sapphire Int'l Grp. Inc. v. Allianz Global Risks US Ins. Co.*, 2018 WL 83448538, at *2 (S.D. Fla. Sept. 26, 2018) (denying a motion to strike and granting a nunc pro tunc motion to extend the deadline to file an answer because the defendant's delay was due to excusable neglect, the defendant did not neglect the case, and the delay did not prejudice the plaintiff).

Based on the foregoing, the Court rejects Plaintiff's argument that the pleading is due to be stricken as untimely and denies the request for the Court to enter default judgments. But that leaves Plaintiff's request to strike Defendant Adventist's affirmative defenses on the merits. Plaintiff argues that even if the Answer was timely served, he is still entitled to relief because "no affirmative defenses are available for it towards issues of liability." Doc. 64 at 4. First, the request is due to be denied because Plaintiff makes no effort to identify which affirmative defenses he seeks to strike.

Second, even if he did, Plaintiff does not provide adequate support for the request. Plaintiff's entire argument on the liability issue is that no affirmative defenses are available because Defendant Adventist's "discriminatory, abusive, threatening, unsafe, unbearable, and intolerable hostile working conditions and work environment culminated in the constructive

discharge of [Plaintiff's] employment with AdventHealth." *Id.* While Plaintiff cites generally *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indust. v. Ellerth*, 524 U.S. 742 (1998), Plaintiff provides no legal basis or support for his request to strike any portion of the pleading based on these cases. It seems that Plaintiff contends the affirmative defenses should be stricken because he has sufficiently alleged liability. *See* Doc. 64 at 4-7. Yet even if Plaintiff has stated a claim for discrimination, Plaintiff has not demonstrated that Defendant Adventist may not raise a defense based on *Faragher/Ellerth*[3] or that the defenses are otherwise due to be stricken.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motions (Docs. 62, 63, 64) are **DENIED**; and

2. Defendant Adventist's Answer and Affirmative Defenses is deemed timely filed.

**DONE AND ORDERED** in Orlando, Florida on May 30, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] "In order to successfully utilize the *Faragher/Ellerth* defense, an employer must prove that: (1) the employer exercised reasonable care to prevent and promptly correct the [] harassment; and (2) the employee unreasonably failed to take advantage of any protective or corrective opportunities offered by the employer, or otherwise failed to avoid harm." *Speaks v. City of Lakeland*, 315 F. Supp. 2d 1217, 1227 (M.D. Fla. 2004) (quoting *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765).